UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DONALD H. DONOHO | ) | Case No. 08-15100-SSM |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| SAXON MORTGAGE CO. | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD H. DONOHO | ) | |
| | ) | |
| Respondent | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of Saxon Mortgage Company for relief from the automatic stay in order to enforce a deed of trust against real property located at 11190 Royal Lane, Providence Forge, Virginia.  The motion is opposed both by the debtor in possession and also by Brennan Title Company and Western Surety Company.  A hearing was held on January 12, 2009, at which the court heard the contentions of the parties and, at the request of the parties, continued the motion to February 4, 2009.  At the continued hearing, the parties requested that an evidentiary hearing be set.  The court concludes, however, that an evidentiary hearing is not needed for the simple reason that the debtor does not own the property, and the automatic stay does not extend to foreclosure of a deed of trust against property the debtor does not own even if the debtor is liable on the note.

Background

Donald H. Donoho ("the debtor") filed a voluntary petition in this court on August 24,

2008, for reorganization under chapter 11 of the Bankruptcy Code and remains in possession of

his estate as debtor in possession.  A plan has not yet been filed.

The property in question, located in New Kent County, Virginia, had been purchased by

the debtor in June 2005.  In July 2007, he conveyed it to a company called ACP, Inc., which in

turn immediately conveyed it to Patachaya Pitthayasri, who is the current owner of record.  The

deed of trust at issue is in favor of New Century Mortgage Company and secures a promissory

note in the original principal amount of $552,500.[1]  It was placed on the property approximately

five months prior to the sale by an attorney-in-fact purporting to act on the debtor's behalf and

was not paid off or released when the property was sold.[2]  The debtor—assuming the power of

attorney was valid—therefore remains liable on the note secured by the deed of trust.

Discussion

The filing of a bankruptcy petition operates as an automatic stay of a broad range of

creditor activity against the debtor and property of the estate.  § 362(a), Bankruptcy Code.

Relevant to the present controversy, the automatic stay specifically bars "any act to . . . enforce a

---

[1]  New Century assigned the note and deed of trust to Deutsche Bank Trust Company Americas,
formerly known as Bankers Trust Company, as Trustee and Custodian for "Morgan Stanley
MSAC 2007-NC3".  Saxon Mortgage Company is acting as the servicing agent for the loan.
Saxon has filed a proof of claim (Claim No. 7) in its own name asserting a secured claim in the
amount of $582,695 based on the New Century note and deed of trust.

[2]  Bank of America, N.A., which funded Ms. Pitthayasri's purchase of the property, subsequently
brought suit in state court against the settlement agent, Brennan Title Company, for failure to
pay and release the New Century deed of trust.  Brennan Title removed that action to this court,
which recently remanded it to the state court. *Bank of America, N.A. v. Brennan Title Co.,* A.P.
No. 08-1481 (Bankr. E.D. Va., January 29, 2009).

lien against property of the estate" and  "any act to . . . enforce against property of the debtor any

lien to the extent such lien secures a claim against the debtor that arose before the

commencement of the case[.]"  § 362(a)(4) & (5).  The property in question, however, is neither

property of the debtor nor property of the estate.  It is not listed on the debtor's schedules of

assets, and his statement of financial affairs reports that it was sold prior to the filing of the

petition.  Nor is it property of the estate, even though the debtor's attorney now questions the

validity of the deed of trust and sale.  Property of the estate consists in the first instance of "all

legal or equitable interests of the debtor in property as of the commencement of the case."  §

541(a)(1), Bankruptcy Code.  It also consists, however, of property that the debtor no longer

owns but that the trustee (or in a chapter 11 case, the debtor in possession) recovers under one or

more of the Bankruptcy Code's avoiding powers.  § 541(a)(3), Bankruptcy Code.  The use of the

word "recovers" rather than, for example, "is able to recover" plainly requires either an actual

judgment for recovery before the property becomes property of the estate.  Put another way, a

mere showing by the trustee (or debtor in possession) that the transfer of the property *might* be

avoided is not sufficient to bring it into the estate and clothe it with the protection of the

automatic stay.

It is true that the debtor (assuming the note is valid) remains liable on the obligation

secured by the deed of trust.  The Fourth Circuit has held, however, that the automatic stay does

not extend to foreclosure of property not owned by the debtor simply because the debtor is liable

on the underlying note.  *Saratoga Group, Ltd. v. Peoples Nat'l Bank of Warrenton (In re Geris)*, 973

F.2d 318 (4th Cir. 1992).  In *Geris*, the lender, a bank, had made a loan to a company in which

the debtor was a shareholder and officer to enable the company to acquire a commercial parcel

of land in Manassas, Virginia.  The debtor signed a personal guarantee of the company's note.

(The bank also made a personal loan to the debtor which was secured by a second deed of trust

against the real estate).  The company later bought out the debtor's ownership interest and agreed

to indemnify him against any obligation to the bank.  The debtor subsequently filed a chapter 11

petition, and approximately two months later the bank foreclosed.  The company then

commenced an adversary proceeding in the debtor's bankruptcy case seeking a declaratory

judgment that the foreclosure sale violated the automatic stay and was therefore void.  The

bankruptcy court ruled that the automatic stay did not apply to actions against real estate not

owned by the debtor and dismissed the complaint for failure to state a claim for relief.  That

ruling was affirmed by the district court and by the Fourth Circuit, which reasoned:

> Certainly [the debtor] has an interest, and a material one, in having the value of
> the Manassas property maximized, insofar as it bears directly on the size of the
> deficiency for which he may be obligated to Peoples National Bank. But if we
> were to accept this interest as sufficient to invoke in Saratoga's favor the
> automatic stay provision of 11 U.S.C. § 362(a), we would be cutting off
> foreclosure rights of secured creditors in any property standing as security for a
> debt that happened to be guaranteed by a bankrupt. This cannot have been an
> intended function of the automatic stay provision, any more than it was intended
> to prevent a secured creditor from collecting from or foreclosing on the property
> of a bankrupt debtor's guarantors, *Credit Alliance Corp. v. Williams*, 851 F.2d 119
> (4th Cir.1988), or codebtors, *Otoe County National Bank v. W & P Trucking, Inc.*,
> 754 F.2d 881 (10th Cir.1985).  The interest [the debtor] has in seeing that the
> value of the property, when sold to satisfy the debt, is maximized, thereby
> limiting the exposure of the bankruptcy estate on the underlying debt, is far too
> attenuated to warrant extending the automatic stay protections of the Bankruptcy
> Code to prevent Peoples National Bank from foreclosing on the Manassas
> property.

973 F.2d at 321.

Although the present case differs in minor details from *Geris*, the broad holding of that

case—that the automatic stay does not "prevent[] foreclosure on a deed of trust under

circumstances where the real estate involved is not owned by the debtor, but the debtor is liable

for the indebtedness underlying the deed of trust", 973 F.2d at 318—applies with equal force to

the present case.

The court does stress that the present holding is limited to a determination that the

automatic stay does not apply.  The court expressly makes no findings concerning the validity of

the New Century note and deed of trust or the propriety of a foreclosure sale.  There is authority

in Virginia that a trustee under a deed of trust may and should invoke the jurisdiction of a court

of equity where there are "impediments to a fair sale" (including doubt or uncertainty as to the

debts secured or amounts thereof) or if there is a cloud on the title or if there is a question as to

the priority of liens against the property.  *Muller's Adm'r v. Stone*, 84 Va. 834, 6 S.E. 223

(1888); *Alexander v. Howe*, 85 Va. 198, 7 S.E. 248 (1888).  Additionally, a determination that

the *automatic stay* does not apply is not determinative of the right of the debtor in possession, if

he commences an action to avoid the transfer of the property, to seek an injunction against

foreclosure.  Such a request would, however, require the debtor in possession to satisfy the

traditional requirements for a preliminary injunction.  *Blackwelder Furniture Co. v. Seilig

Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) (in deciding whether to grant a preliminary

injunction, court must consider (1) likelihood of irreparable harm to the plaintiff if the injunction

is denied (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the

likelihood that the plaintiff will succeed on the merits, and (4) the public interest).

O R D E R

For the foregoing reasons, it is

**ORDERED:**

5

1.  The motion for relief from the automatic stay, to the extent it seeks a determination

that the automatic stay does not apply, is granted, and the court determines that the automatic

stay under 11 U.S.C. § 362(a) does not bar enforcement of the movant's deed of trust against the

real property located at 11190 Royal Lane, Providence Forge, Virginia, and more particularly

described as Lot 126, Block B, Section 1, Brickshire Subdivision, Cumberland District, New

Kent County, Virginia.

2.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the

parties listed below.


Date: _____          _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge

Copies to:

Kim R. Gershen, Esquire
Sykes, Bourdon, Ahern & Levy, P.C.
Pembroke One Building, Fifth Floor
Virginia Beach, VA 23462-2989
Counsel for the movant

Joseph Michael Langone, Esquire
Law Offices of Joseph M. Langone
11876 Sunrise Valley Dr. Suite 201-C
Reston, VA 20191
Counsel for the debtor in possession

C. Jay Robbins, IV, Esquire
Midkiff, Muncie and Ross, P.C.
9030 Stony Point Parkway, Suite 1160
Richmond, VA 23235
Counsel for defendants Brennan Title Company

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314